IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FG HEMISPHERE ASSOCIATES, LLC         *
Plaintiff

           *

           v.                  Civil Action No.      8:21-mc-00721

           *

DEMOCRATIC REPUBLIC OF CONGO,
SOCIETE NATIONALE D'ELECTRICITE, *et ano.*
Defendants                       *

                             ******

**WRIT OF EXECUTION**
(Maryland Rule 2-641)

**TO THE U.S. MARSHAL OF THE DISTRICT OF MARYLAND:**

       You are hereby directed to levy upon the property of the Defendant/Judgment Debtor to satisfy a money judgment in accordance with the applicable Maryland State laws (see attached).

Name and address of Defendant/Judgment Debtor:    Aneth Lutale Mtwale, 19505 White Saddle Dr, Germantown, MD 20874

                                                     Francis Selemani Mtwale, 19505 White Saddle Dr, Germantown, MD 20874

                                                     Balanne Family Living Trust, 164 Winsome Circle, Bethesda, MD 20814

Amount of judgment: $77,420,869.60            Amount due on judgment: $77,420,869.60

Location of property to be levied:

1) 1224 Treasure Oak Court, Rockville, MD 20852

2) 164 Winsome Circle, Bethesda, MD 20814

3) 10451 Fernwood Road, Bethesda, MD 20817

4) 10008 Laureate Way, Bethesda, MD 20814

Description of property to be levied:

1) Townhouse: LOT NUMBERED 96 IN BLOCK LETTERED "A" IN THE SUBDIVISION KNOWN AS "TOWER OAKS" AS PER PLAT RECORDED AMONG THE LAND RECORDS OF MONTGOMERY COUNTY, MARYLAND AS PLAT 19998.

2) Townhouse: LOT NUMBERED 133, IN THE SUBDIVISION KNOWN AS "LOTS 91 THRU 95, 106 THRU 112, 123 THRU 135, 151 THRU 155, PART OF PARCEL B & PARCELS M, N, 0, P, Q, R, HH & JJ", AS PER PLAT RECORDED AMONG THE LAND RECORDS OF MONTGOMERY COUNTY, MARYLAND AS PLAT 24987.

3) Townhouse: LOT NUMBERED 44, IN BLOCK LETTERED "A", IN THE SUBDIVISION KNOWN AS "LOTS 1-119, PARCELS A-N, BLOCK A; LOTS 1-23, PARCELS A-C, BLOCK B: AND LOTS 1-26, PARCELS A-E, BLOCK C", ("ROCK SPRING PARK"), AS PER PLAT RECORDED AMONG THE LAND RECORDS OF MONTGOMERY COUNTY, MARYLAND AS PLATS 2017-25020.

4) Townhouse: LOT NUMBERED 54, IN THE SUBDIVISION KNOWN AS "LOTS 28 THRU 42 AND 50 THRU 75, PART OF PARCEL B & PARCELS G, H, AA. CC & EE", "GROSVENOR HEIGHTS" AS PER PLAT RECORDED AMONG THE LAND RECORDS OF MONTGOMERY COUNTY, MARYLAND AS PLAT 24984.

The Plaintiff/Judgment Creditor instructs you to:

__X_ Leave the property where found

___ Exclude others from access to it or use of it

___ Remove it from the premises

**TO THE DEFENDANT/JUDGMENT DEBTOR:**

    You are hereby notified that **federal and state exemptions may be available to you.** In order to exempt items from execution of the judgment, you must file a motion electing to exempt selected items of property or cash not exceeding in amount the cumulative value permitted by law within thirty (30) days after the levy. Those selected items of property may include real estate, personal, household, and miscellaneous possessions. You are further notified that **you have a right to file a motion for release of some or all of the property from the levy.** All motions should be filed with the Clerk of Court, U.S. District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770. If you would like the Court to review the U.S. Marshal's appraisal made at the time of the levy, the request should accompany the motion.

WITNESS the Honorable Chief Judge of the United States District Court for the District of Maryland

__12/14/2021_____     _____/s/_____
Date Issued                                                                                         Clerk, U.S. District Court for the District of Maryland

**NOTICE**

**TO U.S. MARSHAL OF THE DISTRICT OF MARYLAND:**

**Md. Rule 2-641. Writ of Execution—Issuance and Content.**
    **(c) Transmittal to Sheriff; Bond.** Upon issuing a writ of execution or receiving one from the clerk of another county, the clerk shall deliver the writ and instructions to the sheriff. The sheriff shall endorse on the writ the exact hour and date of its receipt and shall maintain a record of actions taken pursuant to it. If the instructions direct the sheriff to remove the property from the premises where found or to exclude others from access to or use of the property, the sheriff may require the judgment creditor to file with the sheriff a bond with security approved by the sheriff for the payment of any expenses that may be incurred by the sheriff in complying with the writ.

**Md. Rule 2-642. Writ of Execution—Levy.**
    **(a) Levy Upon Real Property.** Except as otherwise provided by law, the sheriff shall levy upon a judgment debtor's interest in real property pursuant to a writ of execution by entering a description of the property upon a schedule and by posting a copy of the writ and the schedule in a prominent place on the property.
    **(b) Levy Upon Personal Property.** Except as otherwise provided by law, the sheriff shall levy upon a judgment debtor's interest in personal property pursuant to a writ of execution by obtaining actual view of the property, entering a description of the property upon a schedule, and (1) removing the property from the premises, or (2) affixing a copy of the writ and schedule to the property, or (3) posting a copy of the writ and schedule in a prominent place in the immediate vicinity of the property and affixing to each item of property a label denoting that the property has been levied upon by the sheriff, or (4) posting a copy of the writ and schedule in a prominent place in the immediate vicinity of the property without affixing a label to each item of property if affixing a label to each item of property is possible but not practical.
    **(c) Possession of Personal Property by Third Person.** When the sheriff has been instructed to remove the property from the premises or exclude others from access or use and finds the property in the possession of a person, other than the judgment debtor, who asserts entitlement to possession and objects to the sheriff's removal of it or exclusion of that person from access or use, the sheriff may levy and leave the property where found.
    **(d) Notice of Levy.** The sheriff shall furnish a copy of the writ of execution and schedule to any person found by the sheriff to be in possession of the property, and, if that person is not the judgment debtor, the sheriff shall promptly mail a copy of the writ and schedule to the judgment debtor's last known address.
    **(e) Return.** Following a levy, the sheriff shall promptly file a return together with the schedule. If the writ of execution was received from another county under Rule 2-641(b), a copy of the return and schedule shall also be filed in the county where the judgment was entered.

**TO DEFENDANT/JUDGMENT DEBTOR:**

**MD Rule 2-643. Release of Property from Levy.**
   (a) **Upon Satisfaction of Judgment.** Property is released from a levy when the judgment has been entered as satisfied and the costs of the enforcement proceedings have been paid.
   (b) **Upon Posting Bond.** The judgment debtor may also obtain release of property from a levy by filing a bond in an amount sufficient to satisfy the judgment and enforcement costs.
   (c) **Upon Motion of Judgment Debtor.** Upon motion of the judgment debtor, the court may release some or all of the property from a levy if it finds that (1) the judgment has been vacated, has expired, or has been satisfied, (2) the property is exempt from levy, (3) the judgment creditor has failed to comply with the rule or an order of court regarding the enforcement proceedings, (4) property sufficient in value to satisfy the judgment and enforcement costs will remain under the levy after the release, (5) the levy upon the specific property will cause undue hardship to the judgment debtor and the judgment debtor has delivered to the sheriff or made available for levy alternative property sufficient in value to satisfy the judgment and enforcement costs, or (6) the levy has existed for 120 days without sale of the property, unless the court for good cause extends the time.
   The motion and any response to the motion may be accompanied by a request for court review of the sheriff's appraisal made at the time of the levy.
   (d) **Upon Election of Exemption by Judgment Debtor.** By motion filed within 30 days after a levy, the judgment debtor may elect to exempt from execution of the judgment selected items of property or cash not exceeding in amount the cumulative value permitted by law.  The motion and any response to the motion may be accompanied by a request for court review of the sheriff's appraisal made at the time of the levy.  The court shall release from the levy items of cash or property selected by the debtor to the extent required by law.
   (e) **Upon Claim of a Third Person.** A person other than the judgment debtor who claims an interest in property under levy may file a motion requesting that the property be released.  The motion shall be served on the judgment creditor and, if reasonable feasible, on the judgment debtor.  If the judgment debtor is not served and does not voluntarily appear, the claimant shall file an affidavit showing that reasonable efforts have been made to ascertain the whereabouts of the judgment debtor and to provide the judgment debtor with notice of the motion.  The court may require further attempts to notify the judgment debtor.  The judgment creditor or judgment debtor may file a response to the motion.
   (f) **Hearing.** A party desiring a hearing on a motion filed pursuant to this Rule shall so request pursuant to Rule 2-311(f) and, if requested, a hearing shall be held promptly.