IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>DEMOCRATIC REPUBLIC OF CONGO, *et ano.*, BALANNE FAMILY LIVING TRUST, ANETH MICHAEL LUTALE MTWALE, FRANCIS SELEMANI MTWALE, AND THE LAND KNOWN FOR ASSESSMENT AND TAXATION PURPOSES AS LOT 96, PLAT 19998; LOT 133, PLAT 24987; LOT 144, PLAT 2017-25020; AND LOT 54, PLAT 24984<br><br>Defendants. | Case No. 8:21-mc-00721<br>Case No. 8:21-mc-00720<br><br>Unassigned |

## **PLAINTIFF'S MOTION TO CONSOLIDATE AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, FG Hemisphere Associates, LLC ("Plaintiff"), through its attorneys, files this Motion to Consolidate Case No. 8:21-mc-00720 under Case No. 8:21-mc-00721 pursuant to Fed. R. Civ. P. 42 and states as follows:

1. The above-captioned actions are pending in this Court and involve the same parties. Counsel for Defendants the Balanne Family Living Trust ("Balanne"), Aneth Michael Lutale Mtwale ("Lutale"), Francis Selemani Mtwale ("Selemani") (collectively, the "Defendants") has been notified of this filing and the pending cases.

2. Both cases involve the same United States District Court for the District of Columbia judgments to be registered in this District, though the Clerk of this Court determined

1

that because one judgment was awarded to Plaintiff's predecessor-in-interest (while the other was awarded to the current Plaintiff), a separate case was to be opened.

3. Both cases involve common issues of fact and law concerning executed writs on Plaintiff's two final, enforceable and unsatisfied U.S. judgments against the DRC and Société Nationale D'Électricité (collectively, the "Judgment Debtors"), the principal amount of which exceeds $30 million, plus accruing interest. As stated on the Writs, Selemani and his wife, Lutale, acquired certain parcels of real property located in Montgomery County, Maryland, that were improperly purchased with secreted DRC funds that should have been used to satisfy Plaintiff's judgments.

4. Defendants contest the allegations as to the source of funds used to acquire the Maryland Properties.

5. There is no risk of prejudice or possible confusion if the cases are consolidated. If there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues.

6. Consolidation will conserve judicial resources and reduces the expense of handling the cases separately.

7. Plaintiff adopts and incorporates herein the points and authorities set forth in the accompanying memorandum of law.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Motion to Consolidate.

Dated: January 31, 2022                           Respectfully submitted,

FG HEMISPHERE ASSOCIATES, LLC,

By its attorneys,

/s/ Philip T. Evans
Philip T. Evans (Bar No. 11796)
Benjamin A. Genn (Bar No. 21070)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Email: Philip.Evans@hklaw.com
Email: Benjamin.Genn@hklaw.com
*Counsel for Plaintiff*

Warren E. Gluck (*pro hac vice*)
Matthew R. DiBlasi (*pro hac vice*)
Ruarri Rogan (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Email: warren.gluck@hklaw.com
Email: matthew.diblasi@hklaw.com
Email: ruarri.rogan@hklaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 31st day of January, 2022, a true and correct copy of the foregoing **MOTION TO CONSOLIDATE AND MEMORANDUM OF LAW IN SUPPORT** has been filed with the Clerk of Court, by using the CM/ECF system to deliver a true and correct copy of the foregoing to the following:

> Brian D. Lyman (Bar No. 27360)
> Jonathan E. Pasterick (Bar No. 27361)
> Hillman Brown and Darrow PA
> 221 Duke of Gloucester Street
> Annapolis, MD 21401
> Telephone: (410) 263-3131
> Email: bdl@hbdlaw.com
> Email: jep@hbdlaw.com
> *Counsel for Defendants*

/s/ Philip T. Evans
Philip T. Evans

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>DEMOCRATIC REPUBLIC OF CONGO, *et ano.*, BALANNE FAMILY LIVING TRUST, ANETH MICHAEL LUTALE MTWALE, FRANCIS SELEMANI MTWALE, AND THE LAND KNOWN FOR ASSESSMENT AND TAXATION PURPOSES AS LOT 96, PLAT 19998; LOT 133, PLAT 24987; LOT 144, PLAT 2017-25020; AND LOT 54, PLAT 24984<br><br>Defendants. | Case No. 8:21-mc-00721<br>Case No. 8:21-mc-00720<br><br>Unassigned |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiff, FG Hemisphere Associates, LLC ("Plaintiff"), through its attorneys, files this Memorandum of Law in Support of its Motion to Consolidate Case No. 8:21-mc-00720 under Case No. 8:21-mc-00721 pursuant to Fed. R. Civ. P. 42 and states as follows:

### STATEMENT OF THE CASE

Plaintiff holds two final, enforceable and unsatisfied U.S. judgments against the DRC and Société Nationale D'Électricité (collectively, the "Judgment Debtors"), the principal amount of which exceeds $30 million, plus accruing interest. Plaintiff's investigation has revealed a sprawling enterprise through which millions of dollars in Democratic Republic of Congo ("DRC") assets were embezzled by senior DRC government officials and their co-conspirators (the "DRC Embezzlement Enterprise"). The DRC Embezzlement Enterprise includes various schemes orchestrated and authorized by the then DRC president Joseph Kabila ("Kabila"), meaning that the

5

DRC Embezzlement Enterprise was sanctioned and approved at the highest level of the DRC government.

Two of the co-conspirators involved in the DRC Embezzlement Enterprise include Kabila's brother, Francis Selemani Mtwale ("Selemani"), and Selemani's wife, Aneth Michael Lutale Mtwale ("Lutale"). Selemani and Lutale were the beneficiaries of millions of dollars of embezzled DRC government funds, which they used for their own personal benefit, including for the purchase of foreign real estate—17 properties in total for $6.6 million—including four properties located in Montgomery County, Maryland (collectively the "Maryland Properties"). The Maryland Properties are DRC property, clearly subject to execution to satisfy the outstanding and unpaid judgments against the DRC.

Plaintiff's predecessor-in-interest obtained certain arbitral awards against the DRC which were affirmed, and final judgments were entered by the United States District Court for the District of Columbia on September 19, 2004 ("2004 Judgment") in favor of Plaintiff's predecessor-in-interest, Energoinvest DD, in the amount of $11,725,844.96, together with accruing interest; and on January 31, 2005 ("2005 Judgment") in favor of the current Plaintiff, in the amount of $18,430,555.47 plus accruing interest (collectively, the "Judgments"). On December 19, 2015, in the action captioned *FG Hemisphere v. Democratic Republic of Congo, and Societe Nationale D'Electricite*, Nos. 03-1314, 03-1315, the United States District Court for the District of Columbia issued an order reviving the Judgments. As a result, the Judgments are fully enforceable against the Judgment Debtors.

On December 2, 2021, Plaintiff registered the Judgments with this Court. Because the 2004 Judgment was entered in favor of Plaintiff's predecessor-in-interest, Energoinvest DD, the Clerk of this Court determined that the 2004 Judgment and the 2005 Judgments must be registered in separate actions.

Plaintiff now moves to consolidate the cases because both actions involve common issues of fact and law concerning executed writs on Plaintiff's two final, enforceable and unsatisfied U.S.

judgments against the Judgment Debtors, the principal amount of which exceeds $30 million, plus accruing interest.

## STANDARD FOR MOTION TO CONSOLIDATE

Federal Rule of Civil Procedure 42 allows the court in its discretion to consolidate actions when "common question[s] of law or fact" are involved. Fed. R. Civ. P. 42(a)(2). Policies of judicial economy generally favor the consolidation of related actions. *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases. N. *Carolina Nat. Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir. 1960). "In exercising that discretion, courts should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause to the parties." *Joe Hand Promotions, Inc. v. Dock St. Enterprises, Inc.*, No. CIV.A. WMN-11-1973, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011) (quotation marks omitted). The moving party must demonstrate "that consolidation is desirable." *Id*.

## ARGUMENT

Consolidation is appropriate in this situation. Both cases are pending in this Court, involve the same parties, and counsel for Defendants has been notified of this filing and the pending cases. *Eldridge v. McCabe, Weisberg & Conway, LLC*, No. CIV.A. ELH-12-00395, 2012 WL 1416642, at *2 (D. Md. Apr. 23, 2012).  Both cases involve common issues of fact and law concerning executed writs on Plaintiff's two final, enforceable and unsatisfied U.S. judgments against the Judgment Debtors. There is no risk of prejudice or possible confusion if the cases are consolidated. If there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are decided separately. *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993). Consolidation will conserve judicial resources and reduces the expense of

handling the cases separately. *Id.*; *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1497 (11th Cir. 1985).

WHEREFORE, Plaintiff respectfully requests that this Court grant the Motion to Consolidate.

Dated: January 31, 2022

Respectfully submitted,

FG HEMISPHERE ASSOCIATES, LLC,

By its attorneys,

/s/ Philip T. Evans
Philip T. Evans (Bar No. 11796)
Benjamin A. Genn (Bar No. 21070)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Email: Philip.Evans@hklaw.com
Email: Benjamin.Genn@hklaw.com
*Counsel for Plaintiff*

Warren E. Gluck (*pro hac vice*)
Matthew R. DiBlasi (*pro hac vice*)
Ruarri Rogan (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Email: warren.gluck@hklaw.com
Email: matthew.diblasi@hklaw.com
Email: ruarri.rogan@hklaw.com
*Counsel for Plaintiff*