IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) **Case No. 8:21-mc-00721** |
| v. | ) **Case No. 8:21-mc-00720** |
| | ) |
| DEMOCRATIC REPUBLIC OF CONGO, | ) **Memorandum of Law:** |
| SOCIETE NATIONALE D'ELETRICITE, | ) **Opposition to Motion to** |
| *Defendants* | ) **Consolidate Cases** |
| | ) |
| -and- | ) |
| | ) |
| BALANNE FAMILY LIVING TRUST, | ) |
| ANETH MICHAEL LUTALE MTWALE, | ) |
| FRANCIS SELEMANIE MTWALE, AND | ) |
| THE LAND KNOWN FOR ASSESSMENT | ) |
| AND TAXATION PURPOSES AS LOT 96 | ) |
| PLAT 19998; LOT 133, PLAT 24987; LOT | ) |
| 144 PLAT 2017-25020; AND LOT 54, PLAT | ) |
| 24984 | ) |
| | ) |
| *Interested Persons* | ) |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES

Interested Persons and Alleged Defendants Balanne Family Living Trust, Aneth Michael Lutale Mtwale, Francis Selemani Mtwale, and the land known for assessment and taxation purposes as Lot 96, Plat 19998; Lot 133, Plat 24987; Lot 144, Plat 2017-25020; and Lot 54, Plat 24984 (collectively, the "Alleged Defendants"), through their attorneys, file this Memorandum of Law in Opposition to Plaintiff's Motion to Consolidate Case No. 8:21-mc-00720 under Case No. 8:21-mc-00721 pursuant to Fed. R. Civ. P. 42. The Alleged Defendants note that they do not, nor

1

cannot, reply on behalf of defendants Democratic Republic of Congo ("DRC") and Société Nationale D'Électricité (collectively, the "Actual Defendants").

## STATEMENT OF THE CASE

Plaintiff holds default judgments issued by the U.S. District Court for the District of Columbia against the DRC and Société Nationale D'Électricité (the Actual Defendants). These two default judgments do not mention nor contemplate the Alleged Defendants. Instead, the Plaintiff is attempting to enforce these (foreign) default judgments in the U.S. District Court for the District of Maryland and attach new defendants (the Alleged Defendants) as judgment debtors without properly alleging or proving that the Alleged Defendants are responsible parties to the default judgments in the U.S. District Court for the District of Columbia.

The Alleged Defendants acknowledge Plaintiff's allegation that the Plaintiff's predecessor-in-interest obtained certain arbitral awards against the DRC which were affirmed, and final judgments were entered by the U.S. District Court for the District of Columbia on September 19, 2004 ("2004 Judgment"). That 2004 Judgement is alleged to be in favor of Plaintiff's predecessor-in-interest, Energoinvest DD, in the amount of $11,725,844.96, together with accruing interest; and on January 31, 2005 ("2005 Judgment") in favor of the current Plaintiff, in the amount of $18,430,555.47 plus accruing interest (collectively, the "Washington, D.C. Judgments"). The Alleged Defendants further acknowledge Plaintiff has alleged that on December 19, 2015, in the action captioned *FG Hemisphere v. Democratic Republic of Congo, and Societe Nationale D'Electricite*, Nos. 03-1314, 03-1315, the U.S. District Court for the District of Columbia issued an order reviving the Washington, D.C. Judgments.

The Alleged Defendants are not responsible for these judgments, and assert that the Plaintiff is inappropriately moving this Court to enforce against non-parties to the Washington, D.C. Judgments. Indeed, there has been no motion or legal determination that the Alleged Defendants are responsible for the Washington, D.C. Judgments in the very court that issued those

default judgments. Instead, the Plaintiff is attempting to bring this action into U.S. District Court for the District of Maryland to have this Court levy property against non-parties to a default judgment because the Plaintiff has been (thus far) unable to enforce those judgments against the Actual Defendants.

On December 2, 2021, when the Plaintiff registered the Washington, D.C. Judgments with the U.S. District Court for the District of Maryland, the Clerk of this Court determined that both judgments should be treated as separate cases because they had different Plaintiffs. Because the 2004 Judgment was entered in favor of Plaintiff's predecessor-in-interest, Energoinvest DD, the Clerk of this Court determined that the 2004 Judgment and the 2005 Judgments must be registered in separate actions. That was the correct decision and should be affirmed.

## STANDARD FOR MOTION TO CONSOLIDATE

In its filing, the Plaintiff asserted that the standard for consolidating cases is as follows:

Federal Rule of Civil Procedure 42 allows the court in its discretion to consolidate actions when "common question[s] of law or fact" are involved. Fed. R. Civ. P. 42(a)(2). Policies of judicial economy generally favor the consolidation of related actions. *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases. N. *Carolina Nat. Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir. 1960). "In exercising that discretion, courts should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause to the parties." *Joe Hand Promotions, Inc. v. Dock St. Enterprises, Inc.*, No. CIV.A. WMN-11-1973, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011) (quotation marks omitted). The moving party must demonstrate "that consolidation is desirable." *Id*.

(Docket, 24)

The Alleged Defendants disagree with Plaintiff's application of this standard to the instant cases. As described further below, the Alleged Defendants argue that this standard and the court's holding in *Joe Hand Promotions* militate against consolidation in these cases.

**ARGUMENT**

*Joe Hand Promotions* illustrates why these cases should not be consolidated. Indeed, in that case, the court denied a motion to consolidate separate cases. The facts of the two cases at issue in *Joe Hand Promotions* were nearly identical, and involved the same defendant and same issue of law. Additionally, the plaintiffs in that case hired the same attorney to represent them in the ensuing lawsuits. The court denied the motion to consolidate the cases, however, because, in part, there were different plaintiffs involved. Moreover, since there were different plaintiffs, the court reasoned that discovery would require some separate inquiry as to each matter. As stated by the court, "[w]hile both fact and law are similar, a lack of relatedness between the plaintiffs counsels against consolidation. … Furthermore, [the conduct at issue] occurred on different nights and involved different fees, so discovery would require some independent inquiry." *Joe Hand Promotions v. Dock Street Enterprises*, Civil Action No. WMN-11-1973, at *5 (D. Md. Dec. 8, 2011).

In the instant case, the Alleged Defendants are at risk of being prejudiced by consolidating two separate cases. First, there may be discovery that is germane to the initial judgment-creditor that does not apply to the instant Plaintiff. This would trigger precisely the type of concern raised by the court in *Joe Hand Promotions* in reasoning that separate discovery and inquiry may apply to each case separately, militating against consolidation. Here, as in *Joe Hand Promotions*, the Court should allow the Alleged Defendants to "drive [their] own litigation" and defend against these separate actions in seeking a just outcome. *Id*. Moreover, merging the two cases would limit the Alleged Defendants' ability to argue against application of the initial default judgment as to the predecessor-in-interest as it applies to the instant action.

Second, the two Actual Defendants are not represented in the instant matter. Given that

the court in *Joe Hand Promotions* was concerned about two separate plaintiffs, the concern should be greater when considering that the instant cases would be consolidated with separate plaintiffs *and* separate defendants who are not represented. Indeed, one of the Alleged Defendants' principal arguments will be that they should not be parties to the instant action. Therefore, to the extent that this Court should exercise its discretion, it should be in favor of the parties who are most at risk of being prejudiced by consolidation: the Alleged Defendants.

Third, the burden is on the Plaintiff as the moving party to show that consolidation is preferable. ("The moving party bears the burden of showing that consolidation is desirable" *Id*. at \*4, *citing Servants of Paraclete, Inc. v. Great Am. Ins. Co*., 866 F. Supp. 1560, 1572 (D.N.M. 1994)). The Plaintiff has failed to meet this burden by failing to properly allege that either default judgment could apply to the Alleged Defendants—let alone both default judgments—and that they should be treated as a singular case. To the extent that the Alleged Defendants could conduct separate inquiries as to the instant Plaintiff and its predecessor-in-interest, this Court should decide in favor of preserving the Alleged Defendants' right to conduct such inquiries in separate cases.

WHEREFORE, the Alleged Defendants respectfully request that this Court deny the Plaintiff's Motion to Consolidate.

Dated: February 10, 2022          Respectfully submitted,

                               /s/ Brian D. Lyman_____
                               Jonathan E. Pasterick (Bar No. 27361)
                               Brian D. Lyman (Bar No. 27360)
                               Hillman Brown and Darrow PA
                               221 Duke of Gloucester Street
                               Annapolis, MD 21401
                               Telephone: (410) 263-3131
                               Email: jep@hbdlaw.com, bdl@hbdlaw.com
                               *Counsel for Alleged Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of February, 2022, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES** has been filed with the Clerk of Court, by using the CM/ECF system to deliver a true and correct copy of the foregoing to the following:

Philip T. Evans (Bar No. 11796)
Benjamin A. Genn (Bar No. 21070)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Email: Philip.Evans@hklaw.com
Email: Benjamin.Genn@hklaw.com
Counsel for Plaintiff

Warren E. Gluck (pro hac vice)
Matthew R. DiBlasi (pro hac vice)
Ruarri Rogan (pro hac vice)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Email: warren.gluck@hklaw.com
Email: matthew.diblasi@hklaw.com
Email: ruarri.rogan@hklaw.com
Counsel for Plaintiff

/s/ Brian D. Lyman
Brian D. Lyman