IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 22-cv-444** |
| | * | |
| DEMOCRATIC REPUBLIC OF CONGO, *et al.* | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This case concerns a judgment creditor, Plaintiff FG Hemisphere Associates, LLC (FGH), and its effort to satisfy a multi-million-dollar judgment it holds against Judgment Debtor Defendants, the Democratic Republic of Congo (DRC) and Societe National D'Electricite. Plaintiff proceeds on the theory that certain assets titled in the names of relatives of the former President of DRC Joseph Kabila, which consists of four pieces of real estate property in Montgomery County, Maryland, were purchased with funds embezzled from the DRC. The referenced properties are titled in the names of third parties, viz., the Balanne Family Living Trust, Aneth Mtwale, and Selemani Mtwale, identified in this case as "Alleged Defendants." FGH directly sought and obtained writs of execution to seize the real estate. *See* ECF No. 8.

On February 14, 2022, Alleged Defendants filed a Motion to Dismiss the writs levied against the four pieces of real estate. ECF No. 26. FGH responded in opposition and Alleged Defendants replied. The Court heard oral argument on the Motion on August 3, 2022.

1

At this juncture, the only issue is whether FGH is using the proper procedural vehicle to pursue the putative DRC assets. As stated, FGH filed a motion for and directly obtained writs of execution under Maryland Rule 2-641. It did so, it says, pursuant to Fed. R. Civ. Pro. 69, which provides:

> "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

The Court believes that, in essence, Rule 69 says only that one should look to the State statutes or rules (in this case Maryland's) to determine the circumstances when assets may be levied upon. *See Travelers Indem. Co. of Illinois v. Hash Mgmt., Inc.*, 173 F.R.D. 150, 153 (M.D.N.C. 1997) (Rule 69 "directs that the procedure for execution or other enforcement of the judgment, including supplementary proceedings, shall be by local state law practice and procedure").[1]

The Maryland Rules of Procedure have specific provisions regarding ancillary proceedings when property of a judgment debtor is believed to be in the hands of a third party.

Thus, Maryland Rule 2-651 provides for "ancillary relief in aid of enforcement" of judgments. *See, e.g., McKinney v. State Deposit Ins. Fund Corp.*, 99 Md. App. 124, 140, 636 A.2d 10 (1994) (affirming order under Rule 2-651 that funds of third party be held in registry of circuit court pending resolution on merits of whether property in hands of another is indeed property of judgment debtor). Maryland Rule 2-645 governs "garnishment of any property of the judgment debtor, other than wages . . . and a partnership interest subject to a charging order, in the hands of

---

[1] While Rule 69 also says "The Federal Rules of Civil Procedure have the force of statute and, therefore, take precedence over conflicting state law," the Court sees no way in which the Federal Rules provide a different federal means of going after assets in a third party's possession than the relevant State statutes or rules provide.

2

a third person for the purpose of satisfying a money judgment." MD Rule. 2-645. Under that rule, "the garnishee, if he timely files an answer," may "admit or deny possession of any property [of the judgment debtor] and, if possessed, how much, to specify the nature and amount of any debt to the judgment debtor and describe the property, and 'assert any defense that the garnishee may have to the garnishment, as well as any defense that the judgment debtor could assert.'" *Med. Mut. Liab. Ins. Soc. of Maryland v. Davis*, 389 Md. 95, 104, 883 A.2d 158 (2005), quoting MD Rule 2-645(c). "If an issue is joined between the judgment creditor and the garnishee, by the garnishee's timely filing of an answer and the judgment creditor's timely filing of a response, the garnishment proceeding 'shall proceed as if it were an original action between the judgment creditor as plaintiff and the garnishee as defendant and shall be governed by the rules applicable to civil actions." *Id.* at 104-105, quoting MD Rule 2–645(g). In other words, a garnishment proceeding is an ancillary proceeding; it is "an action by the judgment debtor for the benefit of the judgment creditor which is brought against a third party, the garnishee, who holds the assets of the judgment debtor." *Bragunier Masonry Contractors, Inc. v. The Cath. Univ. of Am.*, 368 Md. 608, 622, 796 A.2d 744 (2002). Moreover, "'attachment and execution proceedings seem to be in a class by themselves, where the real ownership is in issue and equitable defenses are available. [An] execution creditor, who is a stranger to the transaction . . . stands in the shoes of the debtor subject to all outstanding equities . . . " *Id.* at 623-634, quoting *Kolker v. Gorn*, 193 Md. 391, 399, 67 A.2d 258, 262 (1949).

In contrast, the Maryland Rule pertaining to writs of execution, which FGH had issued here, Rule 2-641, concerns the procedure to obtain a levy on property of a "judgment debtor." It says nothing about having writs of execution issued as to assets in the hands of a third party that a judgment creditor <u>believes</u> is really property of its judgment debtor.

3

There is no dispute that the so-called Alleged Defendants in this case are not themselves the Judgment Debtor. In fact, as of now, there is no conclusive proof that the properties at issue are in fact Judgment Debtor assets. FGH has not even filed a complaint alleging as much, only a motion for the issuance of the writs of execution, together with supporting documents and affidavits. In short, FGH has put the cart before the horse, obtaining the writs before affording Alleged Defendants the opportunity to contest FGH's claims, let alone allowing the Court to determine whether, in fact, the properties at issue here are Judgment Debtor assets that may be used to satisfy the judgment that FGH holds.

The more appropriate procedure would have been for FGH to have brought an ancillary proceeding pursuant to Maryland Rule 2-651, wherein FGH would sue Alleged Defendants to determine if the four properties they own were in fact purchased with funds embezzled from the DRC, rendering them Judgment Debtor assets.[2] *See Travelers Indem. Co. of Illinois v. Hash Mgmt., Inc.*, 173 F.R.D. 150, 153 (M.D.N.C. 1997) ("Third parties may be made part of the supplementary proceedings under a court's ancillary jurisdiction for the purpose of enforcing or protecting a federal judgment."), citing *Peacock v. Thomas*, 516 U.S. 349, 356-57, 116 S.Ct. 862 (1996) (listing actions, including pre-judgment attachment and avoidance of fraudulent transfers). Moreover, the Court notes, "if the proceedings are entirely new and original or seek relief different in kind, on a different principle, or to impose liability on persons not already bound by the previous action and judgment, the moving party must be able to assert an independent basis for federal jurisdiction over the controversy with the third party." *Id.*, citing *Peacock v. Thomas*, 516 U.S. at 357-58; *Sandlin v. Corporate Interiors, Inc.*, 972 F.2d 1212, 1216 (10th Cir.1992). *See, e.g., Chambers v.*

---

[2] The Court notes that proceeding directly to impose a Writ of Execution may at a minimum tie up property in the sense that the owner is not only unable to sell the property; the writ may also limit the owner's ability to further mortgage the property or even trigger a default on any existing mortgage.

4

*Cardinal*, 177 Md. App. 418, 935 A.2d 502 (2007) (judgment creditor sued third parties who obtained title to real estate from judgment debtor).

Alleged Defendants submit that such an ancillary proceeding is in fact the <u>only</u> vehicle that is appropriate, and that Plaintiff's jumping straight to writs of execution in the case of assets allegedly held by third parties is not appropriate. By the end of the Motions Hearing, even FGH appeared to concede that an ancillary proceeding would be appropriate, though it continued to maintain that it had proceeded under a different federal procedure to obtain the writs of execution, a contention the Court found then and now dubious at best. In any event, the Court believes that the cleaner process, one that best aligns with due process and the Maryland Rules of Procedure, is to require FGH to pursue an ancillary proceeding.

Accordingly, the Court orders as follows:

1. FGH shall have leave to file an ancillary proceeding within 30 days and, together with the Complaint, may also include a motion for pre-judgment attachment;

2. Defendants may respond and Plaintiff may reply to such pleadings in the ordinary course, but the Court will, upon request, allow more time, if needed;

3. If Plaintiff seeks a pre-judgment attachment, counsel should be prepared to discuss this among themselves, and the Court may choose to hold a hearing or at least hold a telephone conference with counsel in that regard;

4. In the meantime, the writs of execution shall remain in force until such time as they may be superseded by the Court's rulings in the future ancillary proceeding, or otherwise ruled upon by the Court;

5. As to the merits of Plaintiff's claim that the four properties are really the Judgment Debtor's assets, that will of course be subject to discovery as governed by the Federal Rules of Civil Procedure;

6. Insofar as Alleged Defendants may wish to pursue one or more of the issues currently set forth in their Motion to Dismiss, they should re-raise them as part of the ancillary proceeding.

## CONCLUSION

For the foregoing reasons, action on the Motion to Dismiss, ECF No. 26, is **STAYED**.

A separate Order will **ISSUE**.

August 17, 2022

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE